Tufts & Colly v. Larned.

TUFTS & COLLY v. LARNED.

Equity: MISTAKE IN WRITTEN CONTRACT. To establish a mistake in a written contract it should be made out by the testimony beyond fair or reasonable controversy ; and if the proofs are doubtful and unsatisfactory, or if the mistake is not clearly shown, a court of equity will interfere.

*Appeal from Dubuque District Court.*

WEDNESDAY, JUNE 23.

PLAINTIFFS sue upon an account for goods sold and delivered. In the answer defendant claims damages for plaintiffs' failure to deliver certain articles of hardware, etc., according to the terms of a written agreement.

Plaintiffs thereupon file their bill in equity (in effect) to *reform the contract*, insisting that this hardware was not bought of them, but of Wardwell & Co., that it was signed by plaintiffs by mistake, setting out the facts fully, of all which defendant had knowledge, etc. All these allegations were denied by defendant, and upon the issue thus joined there was a trial, judgment entered reforming the contract as prayed for, and from this order defendant appeals.

*Beach & Gray* for the appellant.

*B. W. Poor* for the appellee.

Wright, J. — The question made is of fact. As to the law the parties do not differ. We have only to determine whether the evidence warranted the finding.

Equity: mistake in written contract.

In our judgment it did not. The instrument sought to be reformed is as follows : " Mem. of agrt. between Tufts & Colly and F. Larned, entered into this 18th day of April, 1861. Tufts & Colly agree to give F. Larned, net, $12,500 worth of goods, etc., selected from the stock of goods in the hands of I. G. Bullock, as the agent of Wardwell & Co., for which Larned agrees to give his home property, No., etc., in New York city, * * * and he further agrees to pay Tufts & Colly cash $750.

"TUFTS & COLLY,
"F. LARNED."

The claim is that the goods sold belonged to Wardwell & Co. (composed of Wardwell and Tufts); that this firm was at the time closing its business ; that by oversight, mistake and inadvertence, the name of the new firm was signed instead of " Walter Tufts, in liquidation, as was intended ;" of all which de-

fendant had knowledge, and now fraudulently seeks to hold defendant liable upon the agreement as signed. All these allegations are denied by defendant, he insisting that he did not know Wardwell & Co., as owners; that he negotiated with plaintiffs, relied upon their responsibility, etc.

The burden of the issue is upon plaintiffs. This writing ought to be accepted as a full and correct expression of the contract of the parties until the contrary is established beyond fair or reasonable controversy; and if the proofs are doubtful and unsatisfactory, or if the mistake is not plainly shown, equity will not interfere.

Now, it will be remarked that plaintiffs' names appear no less than three times in the body of the instrument, and that they sign the same without the least intimation that they are agents, or other than principals thereto. The goods are referred to as in the hands of Bullock, as the agent of Wardwell & Co., but these words possess no kind of significance, for there is no recitation that they belong to the firm so named. And even if this appeared, defendant had a right to contract, as by the terms of the contract he did, with plaintiffs, and hold them to their responsibility, and to their ability to respond for any breach of the contract. It is not reasonable that they would thus sign the agreement and so often write these as the contracting parties if they were really selling and agreeing for others. Under these circumstances we need hardly suggest that plaintiffs undertake a difficult task. Defendant expressly denies, under oath, in his answer, the whole case made by the bill. In his testimony he is equally explicit, stating that he knew plaintiffs alone, contracted with them and with no other party. Plaintiffs' testimony, and they have the burden, is made up largely of impressions, of what they intended to do, and how the mistake probably occurred.

It is a little remarkable that Colly, who signed the instrument, is not examined, nor any explanation given for the failure. The other plaintiff says it was signed "inadvertently and by mistake" by them instead of by "Wardwell & Co. in liquidation." Another witness says they signed it without thought, acting merely for Walter Tufts, Jr., who was previously of the firm of Wardwell & Co. And as to the mistake, this is substantially the whole case. It really makes but little difference who the goods belonged to or who received the consideration. For though they belonged to Wardwell & Co., and though they received the consideration, defendant had a right to have the names of the new firm, to look to their ability to deliver the goods sold, whoever owned them or received the pay. And this he did secure by the contract, and if there was mistake or oversight, it ought to be made out by testimony vastly stronger than appear in this record.

Reversed.