## CLARK v. HAYNES.

1. **Landlord and Tenant:** ACTION FOR RENT: ATTACHMENT. An action for rent commenced by ordinary attachment before the rent was due cannot be deemed an action to effect a landlord's lien, and plaintiff takes thereby only such lien as an ordinary attachment gives.

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 24.

ACTION upon a delivery bond executed by the defendant for the purpose of delivering certain property attached in an action in which the present plaintiff was plaintiff and one Shiffer was defendant. The plaintiff avers that he obtained judgment against Shiffer, and demanded of this defendant a return of the property discharged, but that the defendant has wholly failed to return the same.

The defendant for answer avers that at the time of the levy of the attachment Shiffer was not the owner of the property, but that it belonged to himself.

There was a trial without a jury, and judgment was rendered for the plaintiff. The defendant appeals.

*Wright & Wright,* for appellant.

*M. D. McHenry,* for appellee.

Clark v. Haynes.

ADAMS, CH. J.—The court made a finding of facts which was, in substance, as follows: The plaintiff in October, 1878, 1. LANDLORD brought an action in ordinary attachment against and tenant: action for Shiffer on a promissory note given for rent, which rent: attach- ment. note was not due. The prayer was that an attachment issue and Shiffer's property be attached. He filed a bond as in ordinary attachment, and a writ was issued and levied upon certain corn grown upon the leased premises. Judgment was recovered against Shiffer for the amount of the note. Prior to the levy of the attachment Shiffer sold the corn to the defendant, and under claim of ownership, the defendant filed the bond in suit, and by reason thereof, the attachment was discharged. The plaintiff never instituted an action to enforce his landlord's lien, except as above stated.

The court found as a conclusion of law that the defendant's purchase was made subject to the plaintiff's lien as landlord, and rendered judgment for the plaintiff for the value of the corn.

Code, section 2998, provides that " in an action brought upon the bond (given for the discharge of attached property) it shall be a sufficient defense that the property for the delivery of which the bond was given did not at the time of the levy belong to the defendant against whom the attachment was issued." The court found the fact which the Code says shall be a sufficient defense, but held that it was not sufficient under the circumstances of the case, because the action was brought for rent, and the corn attached was grown upon the leased premises. In this it appears to us that the court erred. The theory of the court doubtless was that the plaintiff had a landlord's lien; that the lien must have existed before the sale to the defendant; and that the action in ordinary attachment was sufficient to effect the lien.

Code, section 2018, provides that a lien may be effected by the commencement of an action within the period for the rent

alone, in which action the landlord will be entitled to a writ of attachment upon filing with the proper clerk an affidavit that the action is commenced to recover rent accrued within one year previous thereto upon premises described in the affidav t. "The time prescribed within which the action must be commenced is the year after a year's rent, or the rent of a shorter period claimed, falls due, and in case the term has expired the action must not be commenced later than six months from the expiration of the term. The action in which the plaintiff's attachment issued was brought before the rent became due. That he was entitled to a general attachment upon making the proper allegation, which we will assume that he did make, no one would deny. But it has been expressly held that an action to effect a landlord's lien cannot be commenced before the rent is due, and that if the landlord needs to aid his lien by preventing a disposition of the property, he must do so by an action in equity for an injunction. *Garner v. Culting*, 32 Iowa, 552. It appears to us that under that decision the plaintiff's action in attachment could not be deemed an action to effect his lien. It was, doubtless, because of that decision that the plaintiff sought an ordinary attachment against Shiffer's property in general. Having sought and obtained such attachment, the object of which is to create a new lien, and not to render effective one already existing, we think that he can be allowed to take only what such attachment gives him. In *Merritt v. Fisher*, 19 of Iowa, 354, the court, speaking of a landlord's lien, said: "The lien and the remedy thus given to the landlord are purely statutory. It is a species of class-legislation in favor of landlords, granting them rights not given to creditors generally. It follows that in availing himself of this special remedy the landlord must take it just as the statute gives it to him."

In our opinion the court erred in rendering judgment for the plaintiff, and the judgment must be •

REVERSED.