ANDREW BREJA v. AARON PRYNE, Appellant.

REFORMATION: EVIDENCE INSUFFICIENT: REIMBURSEMENT AFTER BREACH OF CONTRACT.

*Appeal from Benton District Court.*—HON. JOHN R. CALDWELL, Judge.

TUESDAY, OCTOBER 15, 1895.

Action in equity to compel specific performance of a written contract for the sale and conveyance of certain real estate described, and also to recover damages for causes hereafter stated. Defendant

denies that the written contract set out contains all the agreement between the parties. He alleges that either by the mistake, intention, fraud, or oversight of the scrivener who drew said contract, certain conditions agreed upon were not embraced therein. He alleges that, in addition to what is written therein, the plaintiff agreed to pay in cash the sum of one thousand five hundred dollars; that upon payment of said sum he should be permitted to go upon the premises for the purpose of doing fall plowing, and hauling out manure; that not later than January 1, 1893, and before the delivery and execution of his notes, he was to give a first mortgage upon the land to secure his notes for payment of the purchase money. Defendant alleges that he performed the agreement, as entered into, on his part, but that the plaintiff failed to pay the one thousand five hundred dollars cash payment and to execute his notes and mortgages as agreed upon. Defendant, by way of cross petition, asks that said contract be reformed so as to express the real contract and intention of the parties, that the plaintiff's appeal be dismissed, and that defendant have judgment for five hundred and thirty-seven dollars upon causes hereinafter stated. Decree was entered dismissing the defendant's cross bill, and judgment rendered in favor of the plaintiff for two hundred and fifty-one dollars, and costs. Defendant appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*J. J. Mosnat* for appellee.

Given, C. J.—I. The written contract set out is as follows:

"Elberon, Iowa, September 5th, 1892. This agreement made and entered into between and by Aaron Pryne, party of the first part, and Andrew Breja, party of the second part; the first party agrees to sell, and the second party agrees to buy, certain lands, of 250 acres, more or less, being situated in Kane township, Benton county, Iowa, about two miles southeast of Elberon, Iowa, for the consideration of the sum of $12,175. The first party hereby agrees to give to the second party good abstract of title and deeds of the above-mentioned lands before January 1, 1893, and the second party agrees to pay to the first party as interest, at the rate of six per cent., of all unpaid purchase money from January 1, 1893, payable in ten years, in ten equal installments, one of each installment payable on or about January 1st of each successive year. The first payment is to be paid on January 1, 1894.

"Signed this 5th day of September, A. D. 1892.

"Aaron Pryne.
                                                              his
"Andrew ˣ Breja.
                                                             mark
"Signed in presence of Chas. S. Skahlr."

It will be observed that, aside from the question of damage, the issues were whether specific performance and reformation of the contract, or either of them, should be decreed. The court below refused to decree specific performance. Plaintiff has not appealed, and neither party is now asking any such decree.

The first question to be determined is whether the contract should be reformed as prayed by the defendant. The burden is on the defendant to show, not only that the terms and conditions claimed by him were agreed upon, but that they were omitted from the writing through fraud, accident, or mistake. The defendant testifies that he knew what the written contract contained, and that he read and signed it. While it is true that the writing is unusual, in that it does not provide for any cash payment or mortgage, yet it appears by the testimony of several witnesses that defendant expressed himself as preferring interest upon the purchase money to a cash payment. Without discussing the evidence at length, we will say that we think the defendant has failed to establish his allegation that the agreement was different from that set out in the writing, or that anything agreed upon was omitted from the writing through fraud, accident, or mistake; and he is not, therefore, entitled to a decree reforming the written contract.

II. At the time the written contract was entered into, the plaintiff paid the defendant one hundred dollars on the purchase price. Thereafter, and before the first of January following, the plaintiff. with the knowledge and consent of the defendant, went upon the premises, and did some fall plowing, hauling out manure, and made certain repairs on the house, corn-crib, and fences, and dug a well. After this work was done, defendant forbade the plaintiff to again enter upon the premises, whereupon the plaintiff removed therefrom some corn and household effects that he had taken upon the land. On the second day of January, 1893,—the first being Sunday,— the plaintiff served written notice on the defendant: "That I am ready to execute and deliver to you my notes, in accordance with our agreement, for the land purchased of you on the 5th day of December, 1892; and I hereby demand of you abstracts of title and deeds for said land, in accordance with said agreement." On the same day, defendant tendered to plaintiff abstracts of title and deeds of conveyance for said land on condition that the plaintiff would then pay a cash payment of one thousand five hundred dollars. As already stated, neither party is now asking a specific performance. Therefore we do not consider whether, under the facts, specific performance might be decreed. We have seen that the written contract must control between the parties, and that the defendant's tender of abstracts and deeds upon the condition that one thousand five hundred dollars cash payment be made was not within the terms of the agreement, and therefore his tender was not a compliance with his part of the contract.

The defendant alleges that plaintiff plowed up forty acres of new-seeded meadow; that he cut down shade trees in the dooryard, tore down twenty-five or thirty rods. of fence, carried away a hay carrier, took timbers out of the hog house, carried away part of a pump.—in all, to the damage of the defendant of five hundred dollars, which he asks to recover. The evidence does not sustain these claims of the defendant. It does not appear that any damage resulted from plowing the meadow, nor from the cutting of the single cottonwood tree that stood in the dooryard. All that the plaintiff did upon the premises was to its betterment, rather than damage.

Our conclusion, upon all the evidence, is that the plaintiff was entitled to a return of his one hundred dollars, and to be compensated for the work done by him upon the premises in question, and that the amount allowed by the court below, namely, two hundred and fifty-one dollars, is a just and reasonable amount. The judgment of the district court is *affirmed.*