T. F. WARD v. W. WALKER, MACE, GARRETT & Co., Defendants, M. A. WALKER, Intervener, AND W. WALKER, Appellants.

**Landlord's Lien:** PROPERTY OF MEMBER OF PARTNERSHIP. Under Code, section 2992, providing that a landlord shall have a lien on all crops grown on the leased premises, and any other personal

2  property of the tenant used and kept thereon, individual property of one member of a firm used and kept on the leased premises, is not subject to the landlord's lien for rent due from the firm.

**Notice of Appeal:** UPON CO-DEFENDANT: *When not required.* Under Code, section 4111, providing that, where one or more of several plaintiffs or defendants appeal, notice thereof shall be served on the rest of the parties to the action, it is not necessary for a defendant appealing from a judgment to serve notice on a co-defendant who made no contest in the trial court, and took no appeal from the judgment rendered therein as such co-defendant has no interest which can be affected by the decision of the appellate court.

*Appeal from O'Brien District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

WEDNESDAY, MAY 23, 1900.

ACTION by landlord's attachment to recover rent due under a written lease. M. A. Walker intervened, claiming a lien superior to that of plaintiff under a chattel mortgage. A jury was waived, and trial had to the court. From a judgment in plaintiff's favor, W. Walker and intervener appeal.—*Reversed.*

*W. Walker* for appellants.

*Alger & Ward* and *Carr & Parker* for appellee.

WATERMAN, J.—The property in question is a set of books containing abstracts of titles to lands and town lots in O'Brien county. The defendant Warren Walker was the owner of these books on September 8, 1896, and on that day sold them to one Frank F. Mace, and to secure payment of the purchase price he took from Mace a chattel mortgage thereon. This mortgage was given and dated September 8th, but was not recorded until the seventh day of December following. On November 24, 1896, plaintiff, by written instrument, leased certain premises to the firm of Mace, Garrett

& Co., of which it is claimed Frank F. Mace was a member. This lease was for thirteen months, at a rental of fifteen dollars per month. The books of abstracts were used by said firm on the leased premises. But one month's rent was paid, and on August 20, 1897, this action was begun. Plaintiff had no notice of the existence of the mortgage when the lease was executed.

II. We are asked to dismiss the appeal, because the evidence is not properly certified. It is needless to do more than say there is no ground for this claim. A motion is also made to dismiss the appeal because notice thereof was not served on Mace, Garrett & Co. A similar motion, based on the same ground, was made in this case before its submission, and was overruled. Appellant, on the strength of *Denning v. Butcher,* 91 Iowa, 428, claims the ruling on the first motion to be *res judicata.* But, if this were not so, we should have to hold the motion now made without merit. Mace, Garret & Co. made no contest in the trial court. They were content to let the two creditors who appear here fight out the question of priority. Mace, Garret & Co. have, therefore, no interest which can be affected by our decision, and there was no necessity for serving them with notice of appeal under section 4111 of the Code.

III. If we find that Frank F. Mace was a member of the firm of Mace, Garrett & Co., we have, then, this question: Can a writ of landlord's attachment issue against his individual property for a debt of the firm? Unquestionably Frank F. Mace is individually liable for firm debts, but the question is, can a landlord's writ run against any property save that of the tenant? Section 2992 of the Code provides that the lien of the landlord shall be upon "all crops grown on the leased premises, and upon any other personal property of the tenant, which has been used or kept thereon during the term, and not exempt from execution," etc. In *Perry v. Waggoner,* 68 Iowa, 403, a somewhat similar question was presented, and this court

said: "The lien given the landlord for the security of his rent is strictly statutory. It is created by section 2017 of the Code of 1873, which provides that a landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant, which has been used upon the premises during the term. There can be no question as to the extent of the right created by this section. It gives the landlord a lien upon all crops grown upon the demised premises, and upon all other personal property of the tenant used upon them during the term; but this is the extent of his remedy. He has no lien upon the property of third parties, though it may have been used by the tenant upon the demised premises during the term." As was further said in *Merrit v. Fisher,* 19 Iowa, 354: "The lien and the remedy thus given the landlord are purely statutory. It is a species of class legislation in favor of landlords, granting them rights not given to creditors generally. It follows that in availing himself of this special remedy the landlord must take it just as the statute gives it to him. See, also, *Clark v. Haynes,* 57 Iowa, 96. If it be said that Frank F. Mace, though not the tenant named in the lease, was liable for the rent because he was a member of the lessee firm, we should answer that, although this fact would justify ordinary process against him, it will not warrant a landlord's writ, which can run only against the goods of the tenant. The property here belonged to Frank F. Mace. The firm had no interest in it whatever. The fact that plaintiff might have had a writ of ordinary attachment against the individual property of Mace is by no means decisive of the question before us. An ordinary attachment creates a lien; that of a landlord simply enforces one that already exists. We look to the statute to see the extent of the landlord's lien, and beyond what is there given the levy cannot extend. Appellee asserts that intervener concedes the right of plaintiff to a lien on the property of F. F. Mace if

he was a member of the firm. We do not find this to be the fact; on the contrary, it is expressly denied. The judgment must be BEVERSED.