Guy Sowers, Appellee, v. The Mutual Fire Insurance Company of Des Moines, Iowa, Appellant.

Fire Insurance: CONDITION REQUIRING ASSURED TO KEEP BOOKS. *Validity.* A condition in a fire policy requiring insured to keep a set of books, and to take and preserve an inventory, to be produced in case of loss, is valid.

NECESSITY FOR KEEPING BOOKS. *When Not a Law Question.* It cannot be said, as a matter of law, that the business of a billiard room keeper, who carries a stock of tobacco and confectionery, is such that he is not required to comply with a condition in a fire policy requiring him to keep a set of books and to take and preserve an inventory, to be produced in case of loss.

ESTOPPEL. *Soliciting Agent.* Knowledge on the part of a fire insurance company's soliciting agent at the time of the issuance

of the policy that the insured does not intend to comply with the conditions requiring him to keep a set of of books, and to take and preserve an inventory, to be produced in case of loss, does not estop the company from setting up the insured's non-compliance with the conditions as defense to a claim for loss.

*Appeal from Hamilton District Court.*—HON. J. R. WHIT-AKER, Judge.

FRIDAY, APRIL 12, 1901.

ACTION at law on a policy of fire insurance. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*W. C. Miller* and *Carr & Parker* for appellant.

*George Wambach* for appellee.

DEEMER, J.—The policy was issued October 18, 1898, and the fire occurred on the tenth day of the following November. The property insured consisted of a stock of cigars, tobacco, canned and bottled goods, and confectionery; and a pool and combination pool and billiard tables. The policy contained these provisions: "The assured under this policy hereby warrants and agrees to take an inventory of the stock of merchandise covered by this policy, at least once a year, and to keep a set of books showing a complete record of business transacted, including all purchases and sales, both for cash and credit, together with the last two inventories of said business; and further warrants and agrees to keep such books and inventories securely locked in a fire-proof safe at night, and at all times when the store mentioned in this policy is not actually opened for business, or in some secure place not exposed to a fire which would destroy the building where said business is carried on; and in case of loss the assured warrants and agrees to procure such books and inventories, and in event of failure to produce the same, this policy shall be deemed null and void, and no

suit or action shall be maintained thereon for any such loss. It is agreed that the provision of this policy, the application, articles of incorporation, and by-laws of the company constitute the sole contract between the assured and the company, and no statement or representation made to the assured by any agent, or any statement or representation made by the assured to any agent, shall in any manner affect this policy, except such representations be in writing, and indorsed on this policy." It is admitted that the insured had no inventory of his stock of merchandise; that he took none after the policy was issued; that he kept no books; that he neither had a safe, nor kept any books in a safe, or at any other place; and that he produced no books or inventories after the fire, although requested to do so. It is also practically conceded that these facts avoided the policy, unless defendant, through its agent, waived the warranty at the time the policy was issued. While an insurance company may be bound by knowledge of its soliciting agent regarding past or present conditions, such an agent has no power to waive future conditions; nor is the company estopped by his knowledge of the future intentions of the insured. The effect to be given future transactions or occurrences should be covered by the policy itself. The understanding or agreement of the parties in such cases is the subject of the contract, and should be embodied in the policy; otherwise, the rule regarding the introduction of parol evidence to change, vary, or contradict the terms of a written instrument is entirely abrogated. *Cornelius v. Insurance Co.*, 113 Iowa, 183. There was evidence to show that the knew that the plaintiff kept no books, and that he had not taken an inventory; but there is no evidence that the defenagent knew the plaintiff kept no books, and that he had not none at the time the policy was issued. Bearing on the issue of waiver, the court gave the following instructions: "If you find from the preponderance of the evidence that at the time of the plaintiff making his written application for said insurance, as shown by a copy of the same upon the

back of the policy, an agent of said insurance company undertook to fill out said application, and failed to fill out answers to the eleventh and twelfth questions printed in said application, and in substance stated to plaintiff at the time that it was unnecessary to answer said questions, and that he was at that time informed by the plaintiff that he had no inventories of stock, and no set of books, and did not keep the same, and that said agent at that time informed the plaintiff, in substance, that the plaintiff need not keep a set of books, and that said agent forwarded said application to said defendant company, and that said company issued the policy in suit on said application, then said company waived the provision of its policy in reference to said inventories, set of books, and iron safe, and to the production of the same; and the failure of the company to plaintiff with the same will not of itself defeat the plaintiff's right to recover on the same." Under the rules heretofore announced, this instruction was erroneous, in that it failed to recognize the distinction we have pointed out between representations and statements made by the assured regarding past events, or present conditions, and agreements as to future contingencies. It is also erroneous for the reason that there is no evidence from which the jury could have found that the agent informed the plaintiff he need not keep a set of books in the future. It will not do to say, as a matter of law, that plaintiff's business was such that he was not required to keep and care for a set of books. There might, perhaps, be such cases; but this is not one of them. The agreement and warranty was that plaintiff should keep a set of books, and in case of loss, produce the same. Such an agreement was valid, and will be upheld and enforced. It clearly relates to future transactions, and the agent had no power to waive the conditions when he took the application. For the errors pointed out the judgment is REVERSED.