F. B. CHAPMAN, Appellee, v. C. A. DUNWELL, Appellant.

**Reformation of Lease:** INSUFFICIENT EVIDENCE.   Where in an action to reform a written lease by inserting additional terms alleged to have been omitted by mistake, there were no witnesses to the negotiations, other than the parties, and they directly dispute each other, and plaintiff himself, being a lawyer, wrote the lease, and subsequently pronounced it correct, reformation should be denied.

*Appeal from Clay District Court.*—HON. F. H. HELSELL, Judge.

MONDAY, FEBRUARY 3, 1902.

ACTION begun at law to recover damages for injuries to crops by trespassing animals.   Defendant, answering, denies the trespass, and by way of cross bill in equity, alleges that plaintiff holds the land said to have been trespassed upon as the tenant of defendant under a lease requiring plaintiff to protect said land by fence, and that such stipulation was, by

mutual mistake, omitted from the written memorandum of lease; and he asks to have the writing reformed accordingly. The issue taken upon the cross bill was tried to the court, and, the relief prayed for being denied, defendant appeals. —*Affirmed.*

*Cornwall & Martin* for appellant.

*Buck & Kirkpatrick* for appellee.

WEAVER, J.—It is conceded that the tract of land under consideration is part of a larger tract owned by appellant, and that appellee is the appellant's tenant thereon.    It is also conceded that the written contract of lease contains no stipulation requiring appellee to erect a fence separating the leased premises from the remainder of the farm, and the only question raised upon this appeal is whether such stipulation was in fact agreed to by the parties, and by mistake omitted from the writing.    It is a well-established principle, which appellant admits, that, to justify the reformation of a written contract, the alleged omission or mistake must be shown by clear, unequivocal and satisfactory proof.    *Tufts v. Larned,* 27 Iowa, 330; *Gelpcke v. Blake,* 15 Iowa, 387; *Hervey v. Savery,* 48 Iowa, 313; *Murphy v. Bank,* 95 Iowa, 325.    In this case the only witnesses to the oral negotiations leading up to the writing are the parties themselves, and while appellant testifies that the agreement to build the fence was one of the express stipulations embodied in such oral agreement, and that it was omitted from the writing by oversight or mistake, the appellee denies these statements without qualification.    The lease was written by plaintiff himself, who is a lawyer and man of business experience. Soon afterward the writing was copied by the appellee, and the copy read to the appellant who compared it with the original and pronounced it correct. Appellant's theory is to some extent corroborated by other witnesses, who relate certain alleged conversations heard by

them between the parties after the written contract was executed. These statements are also denied by the appellee, but, even if we assume their entire truth, they are not necessarily inconsistent with the terms of the writing as it stands. The testimony was insufficient to justify the reformation of the contract.—AFFIRMED.