Charles Bowman, Appellant, v. L. O. Besley, Appellee.

Reformation of, Instruments: NOTICE OF APPEAL: CO-PARTIES. 1 Where an appeal is taken by one of several co-parties, failure to serve notice on those whose interests are not involved, will not deprive the court of jurisdiction to determine the appeal.

Reformation of Deed: MISTAKE: EVIDENCE. To reform a deed 2 on the ground of mistake, it must appear that the mistake was mutual and the proof must be clear, full and decisive. Evidence considered and held insufficient to support a decree for reformation.

*Appeal from Superior Court of Council Bluffs.*—HON. E. E. AYLESWORTH, Judge.

SATURDAY, OCTOBER 24, 1903.

ACTION in equity for the foreclosure of a real estate mortgage. The makers of the mortgage, W. M. Owens and wife, were made parties defendant, and a default judgment was rendered against them. Personal judgment is asked against the defendant Besley, a subsequent pur-

chaser of the property from Owens; it being alleged that
in the deed to him he assumed and agreed to pay. the
mortgage debt. Besley answered, denying that in fact he
had assumed and agreed to pay the mortgage debt. He
also filed a cross-bill in which it is alleged that the pro-
vision in the deed to him relating to the assumption of the
mortgage debt was inserted by mistake, and that said deed
does not express the contract between the parties. Ac-
cordingly a reformation of said deed is prayed for. The
decree was in favor of Besley, and plaintiff appeals.—
*Reversed.*

*Flickinger Bros.* and *John J. Hess* for appellant.

*George W. Hewitt* for appellee.

BISHOP, C. J.—Appellee makes the point that the
court has no jurisdiction to determine this appeal, for
that the record does not show that notice of appeal was
served upon the defendants Owens and
wife. Said defendants did not appear or
plead either to the petition of plaintiff, or to the cross-
petition of defendant Besley. The action was tried upon
the cross-petition and the answer of plaintiff thereto.
The decree entered was in favor of Besley, and the effect
thereof was a finding that he was entitled to reformation
as against the defendants Owens, and accordingly that
plaintiff was not entitled to recover as against him. The
appeal was taken by plaintiff, and his complaint has sole
reference to that portion of the decree which denies judg-
ment in his favor against Besley. By section 4111 of the
Code, it is provided that "a part of several co-parties may
appeal; but in such case they must serve notice of the
appeal upon those not joining therein," etc. We have
held in a number of instances that a failure to serve notice
of appeal upon co-parties is not jurisdictional. The court
cannot, however, in such case consider any question, the

1. NOTICE of appeal: co-parties.

determination of which will work prejudice to the parties upon whom notice is not served. *Kellogg v. Colby*, 83 Iowa, 513; *Ward v. Walker*, 111 Iowa, 611; *Clayton v. Sievertsen*, 115 Iowa, 687. In this case a reversal of the decree, as sought by appellant, could work no prejudice to the defendants Owens. On the contrary, such a result would be, to all intents and purposes, in their favor. *Laprell v. Jarosh*, 83 Iowa, 753, is not in conflict with the view here expressed. In effect, that was an action for partition of real estate, and it was expressly found that the interests of appellant could not be adjudicated without affecting the interests of the defendants upon whom notice of appeal had not been served. The case went off by dismissal on motion, and there was no resistance. We must infere, and especially in view of our other holdings referred to, that a determination of the appeal would have involved matters in some degree or to some extent antagonistic to the interests of the defendants not made parties to the appeal, and respecting which matters they were entitled to be heard. We conclude, therefore, that the point made by appellee in this case is without merit. Appellee also questions the right of appellant to prosecute the appeal upon two other minor grounds. We have examined each thereof, and find nothing of merit, or requiring an extended discussion at our hands.

The sole contention of appellant is that the decree, in so far as it finds that the assumption clause in the deed to Besley was a mistake, is not warranted by the record. In

2. REFORMA- brief, these are the facts: Upon its face the
tion of deed: deed recites a consideration of $1,100. Besley
mistake: evi-
dence. testifies that he traded some personal property, valued at less than $200, for the land, and that he considered the property worth $800; that there was no agreement made that he was to pay the mortgage. He says that he did not see the deed drawn, and that he did not read it when delivered to him by Owens, but took it

home and put it away; that he did not look at it or know
of the provisions thereof until some two years later; and
that in the meantime he had sold and conveyed the prop-
erty to another.    He says that he knew of the existence
of the mortgage on the property, and that what he traded
for was the equity.    As a witness, Besley does not under-
take to state any conversation between himself and Owens
incident to the making of the trade, but his testimony is
confined to statements of conclusions as given by us above.
The defendant Owens was not called as a witness.    O. D.
Wheeler, a notary, testifies that the deed was drawn by
and acknowledged before him, and that the assumption
clause was inserted therein by direction of Owens; that
the deed, upon being executed, was delivered to Owens.
There was other evidence offered and introduced, but we
have set forth above all that is material to be considered.
That Besley was bound by the provisions of the deed, and
became personally liable for the amount of the mortgage
debt, unless there was a mutual mistake in the draft of
the deed, is well-settled doctrine.    A late case to that
effect is *Beeson v. Green*, 103 Iowa, 406.    Now, to make
out a case for reformation, no fraud being alleged or
proven, it must be made to appear that there was a mutual
mistake, and that the contract as written does not express
the agreement as actually intended by the parties.    This
is elementary, but see *Tufts v. Larned*, 27 Iowa, 330;
*Breja v. Pryne*, 94 Iowa, 755; *Williams v. Hamilton*, 104
Iowa, 423.    It is not enough to show that one of the
parties made a mistake; the mistake must have been
mutual.    *Des Moines, etc. v. Tubbessing*, 87 Iowa, 138;
*Wachendorf v. Lancaster*, 61 Iowa, 509.    And the proof
must be clear, full, and decisive.    A mere preponderance
of evidence is not enough.  *Tufts v. Larned, supra*; Bishop
on Contracts, section 708.    Giving force to the rules by
which such cases are to be governed, we see no reasonable
ground upo n which to sustain the decree here appealed

from. It is altogether probable that Besley thought he was buying the property subject to the mortgage, but it is made to appear clearly that Owens thought the mortgage debt was being assumed by Besley. Such being the situation, there can be no reformation, and the provisions of the deed should be enforced as they are written. The decree is reversed, and the cause remanded for further proceedings according to law.—REVERSED.