CHARLES A. FREY, Appellant, v. J. H. CAMP, ET AL.

**Reformation of instruments:** EVIDENCE. To justify the reformation of an instrument on the ground of fraud or mistake the evidence must be clear and satisfactory.

Specific performance: OPTIONS. Where an option to purchase
property is not exercised within the time specified in the con-
tract specific performance will be denied.

*Appeal from Scott District Court.*— HON. A. P. BARKER,
Judge.

WEDNESDAY, JUNE 13, 1906.

ACTION for reformation of contract to convey land and
for specific performance thereof. After a trial on the merits
a decree was entered dismissing plaintiff's petition, and the
plaintiff appeals.— *Affirmed.*

*Ruymann & Ruymann (Lane & Waterman,* of counsel),
for appellant.

*W. H. Campbell* and *Salinger, Scott & Theophilus,* for
appellees.

McCLAIN, C. J.— In November, 1901, defendant J. H.
Camp, who was then the owner of lots 7 and 8, in block 65,
of a certain addition to the city of Davenport (the title to a
part of lot 8 being, however, of record in his wife, who is
made a party defendant with him), executed a lease to one
Keeler of lot 7 and the east 26 feet of lot 8 for a term of ten
years at a yearly rental of $540, with the option to the lessee
to purchase the property within three years from December
1, 1901, for the sum of $7,500; the lessee " to have after the
expiration of such three-year term the first right to purchase
the said leased property, providing that a price can be agreed
upon." Subsequently Keeler's rights were assigned to plain-
tiff, who, before the expiration of the three-year period
erected a building at the expense of about $4,000 on the
premises, and about the end of the three-year period, as will
more specifically appear, attempted to exercise the option of
purchase. This action is brought first to reform the instru-
ment of lease, so it shall cover lot 7 and the east half, instead

of the east 26 feet, of lot 8 (by which latter description about six feet of lot 8 would be included which is not covered by the description in the instrument), and to enforce specific performance of a conveyance of the premises under an exercise of the terms of the option.

As to the reformation of the instrument, it is sufficient to say that the evidence does not clearly and satisfactorily establish any mistake or fraud justifying such reformation. *Schrimper v. Chicago, M. & St. P. R. Co.,* 115 Iowa, 35; *Chapman v. Dunwell,* 115 Iowa, 533. Not only is there a failure of clear and satisfactory evidence to show that by mistake or fraud the strip in controversy was omitted from the lease, but we are satisfied that the preponderance of the evidence is that the lease as executed corresponded with the intentions of the parties at the time of its execution. The finding against the plaintiff as to his claim for reformation of the contract disposes of his claim for specific performance, for he does not ask nor insist upon specific performance of a contract to convey the premises described in the lease.

1. REFORMATION OF INSTRUMENTS: evidence.

But there is a further and complete answer to any claim for specific performance in the fact that the option provided for in the lease was not exercised within the time. It is said that time is not made of the essence of the contract, but as to this counsel are evidently in error. By the terms of the lease Keeler (under whom plaintiff claims by assignment) was entitled to exercise the option provided for within three years from the 1st of December, 1901, and after that date he was to have a preference as to the right to purchase on such terms as should be agreed upon. Evidently, therefore, by the very terms of the instrument, the right to exercise the option terminated December 1, 1904, and after that date the right of the lessee was a different right. We do not see how time could have been more specifically of the essence of the agreement. *Lockman v. Anderson,* 116 Iowa, 236. Plaintiff did not, before December 1,

2. SPECIFIC PERFORMANCE: options.

1904, tender the purchase price called for by the terms of the provision relating to the option; nor did he even notify the defendant of an election to exercise the option, which would have been binding upon him. On December 2, 1904, plaintiff served a notice of his election and willingness to pay; but, conceding for the purposes of this case that such notice without actual tender of the money might have been sufficient, it was not given in time and can be of no avail.

The conclusions reached avoid the necessity of ruling upon appellee's motion to dismiss the appeal.

The decree of the lower court is *affirmed*.