GEORGE A. OLIVER, v. OLIVER PERRY and ABEL PERRY, Appellants.

**Appeal:** PARTIES: JURISDICTION. Where a co-party will not be affected adversely by the decision in a cause on appeal to the Supreme Court, failure to serve him with notice of appeal will not deprive the court of jurisdiction.

**Gifts:** EVIDENCE. A gift to become operative must be followed by an actual transfer of the property and all dominion over the same, as a mere future intention and promise to confer a gift is without consideration. Evidence held insufficient to establish a gift of land by a father to his son, so as to render the same subject to the debts of the son.

*Appeal from Monona District Court.—* HON. J. L. KENNEDY, Judge.

WEDNESDAY, OCTOBER 17, 1906.

JUDGMENTS were entered against Oliver Perry in favor of E. J. Norcross for $170.33 and costs, January 30, 1892; of Mason Fowler Grocery Company for $85.30 and costs, May 5, 1892; of Ayers, Weatherwax, Reed & Co. for $282.08 and costs, May 5, 1892; of C. Shenkberg for $154.90 and costs, January 15, 1897. The judgments were assigned to plaintiff, who also recovered a judgment against the same defendant for $303.85 and costs, January 15, 1901. In this action, begun October 29, 1904. it is sought to subject certain land occupied by the judgment defendant, the legal title to which is in Abel Perry, to the satisfaction of these judgments,

Oliver Perry made no defense, and on January 3, 1905, decree by default was entered against him. Abel Perry answered that he was the absolute and unqualified owner of the land. On hearing, decree was entered as prayed, from which Abel Perry alone appeals.— *Reversed.*

*C. E. Underhill,* for appellant.

*A. Kindall,* for appellee.

LADD, J.— The petition alleged that the legal title to the land in controversy was in Abel Perry, but that he " parted with the ownership and transferred the same to Oliver Perry long since, and that the latter refuses to have the record disclose his title " owing to his purpose of defrauding creditors. Default was entered against Oliver, and the court decreed him to be the equitable owner of the land and that it be subjected to the payment of the several judgments against him. This was without prejudice to the rights of Abel Perry, who answered that he was the absolute owner of the land. On hearing, the court found the issues with the plaintiff, and Abel Perry appealed. In doing so he omitted to serve his codefendant, Oliver Perry, with notice of appeal, and on this ground among others the appellee has moved that the appeal be dismissed. The rule prevails that unless the co-party will be adversely affected by the decision of this court omission to serve him with notice of appeal will not deprive the court of jurisdiction. *Clayton v. Seivertson,* 115 Iowa, 688; *Bowman v. Besley,* 122 Iowa, 42; *Beach v. Wakefield* (not officially pub. Iowa) 100 N. W. 338. No issue was joined between Oliver Perry and Abel Perry, and the ownership of the property was involved only in so far as was essential to determine whether it should be subjected to the satisfaction of the judgments. The decree merely gave the plaintiffs right to enforce his judgments against the land. Further

1. APPEAL:
   parties:
   jurisdiction.

than this it did not go.   It did not award Oliver the land, and, if reversed, would not divest him of the title, if any he had.   It determined no relative rights between the defendants nor was there any such an issue in the case.   A reversal might prevent the collection of the judgments from the land of Abel, but one cannot be prejudiced by a ruling that his debts may not be enforced against the property of his neighbors.   The controversy in such a case concerns the property rather than the debts.   This appears from the decisions to the effect that a grantor in a conveyance executed to defraud creditors, though a proper, is not necessary, party to a proceeding by his creditors against the grantee to subject the property thus conveyed to the satisfaction of judgments against the grantor.   *Potter v. Phillips,* 44 Iowa, 353; *Dunn v. Wolf,* 81 Iowa, 688.   This is on the ground that he has divested himself of all title and interest in the property in controversy.   And even though the grantor be a party defendant, it is not essential to the jurisdiction of this court that notice of appeal be served upon him in event of an appeal by the grantee.   *Wright v. Mahaffey,* 76 Iowa, 96. These authorities are decisive of the point that no legal prejudice would result to Oliver Perry by denying plaintiff the enforcement of his judgments against the property of Abel, if such it was, and, as between them, the question of ownership will continue, as before, undetermined.   For these reasons, service of notice of appeal on the codefendant was unnecessary, and, as other grounds of the motion to dismiss were not well taken, it is overruled.

II.   The sole issue to be decided is whether Oliver Perry has any interest in the land in controversy.   If he has, the decree subjecting it to the satisfaction of the judgements was right and should be affirmed; otherwise, it

2. GIFTS: evidence:

belonged to his father, Abel Perry, and the petition should have been dismissed.   The legal title is in Abel and has been for more than thirty years. Oliver took possession as a tenant in 1879 and has resided

thereon since. He paid rent for two or three years and has paid the taxes levied thereon since 1897. Aside from this, Abel has received no compensation for the use. Oliver never purchased the land and we find that Abel had never given it to him. The most that can be said is that but for the discovery of some of these judgments he would have done so and expected to in the future. He had eight children, and shortly after the death of his wife in 1896, concluded to convey to each of five children, including Oliver, the tract occupied under similar circumstances to that by Oliver. He requested the county treasurer to prepare the deeds, and these were executed to three of the children. Upon discovering the judgments against Oliver and Frank, deeds to them were not prepared, and, when informed thereof, Abel responded that he did not care to pay their debts, and conveyances were not made to either of them. About the same time .he had the treasurer enter the name of Oliver in the tax list in the column of owners instead of his own name. This was also done as to lands occupied by other children. But the purpose was to have the taxes appear against the tract occupied by each separately so that each could readily ascertain the amount levied against that particular land, and that it should be set apart from other lands of the father. It was in pursuance of a design to compel the sons and daughters enjoying the use to bear the tax burdens, and was on advice of an attorney, with no thought of indicating any one as owner in fact. Both Abel and Oliver testify that the land had not been given to the latter, though the former, who was over 80 years of age at the time of the trial, candidly admitted his desire that Oliver should have the land sometime, and that but for his debts he would give it to him. His attitude is manifest from the following excerpt from his testimony:

Q. Tell the court why you did not make the deed to Oliver. A. I thought he was in debt. Q. But you had given him that land hadn't you, in your mind you had given him that land? A. I thought maybe I might give it to

him. He was in possession of the land and treating it as his own. I never made any complaint that I know of. Q. When you made up your mind to divide your land among your children, didn't you make up your mind to give that land to Oliver? A. I did not know but what I would. I might not have a chance to give it to him. Q. How is that? A. I might die before the time came. Q. What did you understand in giving the land was necessary to be done; do you understand it is necessary to make a deed? A. Yes, sir; to give a *bona fide* title. Q. Have you done anything else with reference to giving the land to Oliver, except making the deed? A. I gave the same as any one else. Q. The same as you did the other children? A. Yes, sir. Q. You meant to treat them all alike? A. I expect to. Q. And you did by making the division? A. Yes, sir. Q. If it had not been for this judgment and suit to subject the land, you would not reclaim the land? A. I don't know as I would. Q. And would never make any adverse claim to that land as against Oliver Perry? A. No, sir; only I have the title. He did not have it until he got the deed. Q. If it was not for these judgments and this suit you would make a deed to Oliver for that land? A. I might.

Oliver had taken possession as a tenant and continued as such although his father gave him the use. That he had the right to do so without parting with the fee, cannot well be doubted. He may have selected the land intended for Oliver as for the other children, but his testimony as a whole does not warrant the conclusion that he had done more. If he ever parted with title this must have been because of his present intention of doing so. But as he supposed the execution of a deed was essential to the consummation of a gift, this was not affected, for he refrained from executing the deed on the ground that if made the debts might be enforced against the property given. It is not material for what reason a proffered gift is withheld. No one can be said to be prejudiced if it is never delivered. To constitute a gift there must be an actual transfer by the donor of all right and dominion over the thing given. A mere intention to do so in

the future will not suffice, and a promise to that effect is without consideration. *Furenes v. Eide,* 109 Iowa, 511; *In re Brown's Estate,* 113 Iowa, 551.

We are of the opinion that Abel Perry had not parted with title to the land in controversy, and for this reason, the court erred in entering the decree subjecting it to the satisfaction of the judgments against his codefendant Oliver Perry.— *Reversed.*