PATRICK WHITE, Trustee, Appellant, v. ANDREW J. GRAYBILL et al., Appellees.

CONTRACTS: Improvements as Carrying Title to Lands. A mere 1 agreement by an owner of land that another may erect improvements on the land, and that the owner will exercise his own discretion as to conveying the land to the improvement maker, invests the latter with no title to the land itself.

ESTOPPEL: Equitable Estoppel. One may not be estopped to as- 2 sert his title to lands, because of representations by others for which he is in no wise responsible.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

OCTOBER 25, 1918.

SAID trustee in bankruptcy sought to subject certain alleged property of certain bankrupts. The trial court sustained him as to improvements placed upon certain lands, and refused to establish his claim upon the land on which the improvements were placed. Both parties have appealed.—*Affirmed on both appeals.*

*Killpack & Northrop* and *H. L. Robertson,* for appellant.

*J. J. Hess* and *Mayne & Green,* for appellees.

SALINGER, J.—I. The cross-appeal of appellees challenges the order of the trial court which subjected said

improvements. The argument is that the improvements in question are, *prima facie,* part of the land, and may be treated as personal property only upon a clear showing of a contract to that effect at the time of their erection. We are of opinion that what amounts to such a contract is quite satisfactorily shown by the evidence, and we affirm the action of the trial court in subjecting said improvements as aforesaid.

II. The appellant complains that the lands, as well as said improvements thereon, were not so subjected. The theory advanced by him is that an agreement had between West and the owner of the land makes the land itself the property of West. The fair effect of the testimony as a whole is that Graybill, the father of Mrs. West, induced the Wests to move upon the land in question and to make said improvements thereon, but at no time divested himself of the title to the land. The utmost that may be claimed is that the Wests were told to improve the place, and it would eventually fall to Mrs. West; that this was an arrangement by the father, attempting to keep his children together, to give them the benefit of the land where they would be located, and to keep them together "until such time as I (the owner) saw fit to make the division." The owner adds, "I left that at my discretion." Appellees contend that here is a gift which is ineffectual, because not completed. See 20 Cyc. 1192; *Oliver v. Perry,* 131 Iowa 654. We think we may sustain the judgment below without holding that here is a mere incomplete gift. It may be conceded, for the sake of argument, that, if the father should finally fail to make a transfer of said land to this daughter, she would have some remedy against him if she sustain any loss because of placing said improvements upon the land. But that does not transfer the title, and make the land available to her creditors. At the most, there is the right to

1. CONTRACTS : improvements as carrying title to lands.

maintain a damage suit. Seeing these improvements put on may work some sort of an estoppel, and their being on may avoid the statute on trusts and the statute of frauds; but that all this may be so adds nothing to the agreement, which was, so far as conveying the title was concerned, that such transfer should be absolutely at discretion. Such promise to make deed at discretion will not sustain a suit for specific performance. An agreement that improvements may be put on and land used, but that the grantor should have the right to determine when, if ever, he would convey, is but the agreement that it is, and its existence is not, the equivalent of a transfer of the title. In one word, a broken executory promise to convey at election of promisor does not transfer the title as to creditors of the promisee. See *Nichols v. Eaton*, 91 U. S. 716.

III. Creditors testified that they loaned in reliance upon their belief that the land would be transferred. It does not appear that such belief or reliance thereon was due to anything said or done by the owner of the land. No estoppel can be raised against him because others than he may have induced such belief or reliance.—*Affirmed on both appeals.*

2. ESTOPPEL: equitable estoppel.

PRESTON, C. J., LADD and EVANS, JJ., concur.