PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant, v.
WALTER C. BUSS ·et ux., Appellees.

No. 47373.

(Reported in 37 N. W. 2d 300)

MAY 3, 1949.

702

Harold M. Peyton, of Omaha, Nebraska, and Billings & Swanson, of Red Oak, for appellant.

Walter F. Maley and J. R. McManus, both of Des Moines, for appellees.

MULRONEY, J.—The Prudential Insurance Company's foreclosure action of a farm mortgage was commenced in 1935 but the proceedings were continued and stayed when the mortgagors in possession, Walter C. Buss and his wife, secured continuances under the Iowa moratorium laws and finally a stay order when Walter C. Buss and his wife went into bankruptcy. On September 10, 1946, the bankruptcy court's order rejecting the farm as burdensome was upheld by the Federal District Court for the Southern District of Iowa and plaintiff immediately applied for its sheriff's deed which was delivered to it on September 20, 1946.

On November 9, 1946, the Prudential Insurance Company sued Walter Buss and his wife, who were still in possession, for $2500, alleging that the defendants were tenants and as such they were "indebted to plaintiff for the fair and reasonable rental value of said real estate for the year 1946 in the sum of $2500 which said rental has accrued subsequent to the execution of the sheriff's deed." The petition was aided by a landlord's writ of attachment. The defendants answered denying they were plaintiff's tenants and denying the other allegations in plaintiff's petition including the allegation that the action was for rent "accrued within one year" prior to the bringing of the action.

The action was not tried until April of 1948. The defendants introduced no testimony but they moved for a directed verdict and for an order quashing the writ of attachment. The trial court denied the motion for directed verdict but sustained the motion to quash the writ of attachment on the ground it was issued prior to the due date of the rental which may have been due. The court submitted to the jury the question as to the amount plaintiff was entitled to as rent for the period from March 1, 1946 to February 28, 1947. The jury returned a verdict in the sum of $1050. Both parties appeal. Plaintiff asserts

error in the trial court's order quashing the writ of attachment. Defendants assert error in the trial court's failure to sustain their motion for directed verdict.

■■ I. We are somewhat at a loss to understand exactly the theory of plaintiff's appeal. Chapter 570, Code, 1946, gives the landlord a lien for his rent, and section 570.5 gives him an attachment for the enforcement of his lien in an action "commenced to recover rent accrued." "Accrued" means due. Clark v. Haynes, 57 Iowa 96, 10 N. W. 292. There was no evidence that any rent was due in November of 1946 when plaintiff started its action. Plaintiff contends the sheriff's deed related back to January 8, 1941, the date on which it would have been entitled to a sheriff's deed if the proceedings had not been stayed by the bankruptcy court. Maybe it does. If so, it would support a conclusion that a relationship of landlord and tenant existed between plaintiff and defendants in November of 1946. It would not prove there was rent due in November of 1946.

II. Equally clear is the conclusion that the trial court was wrong in not sustaining the motion for directed verdict. This involves defendants' appeal. The same ground that prompted the trial court to quash the landlord's writ of attachment should have induced him to sustain the motion for directed verdict.

■ Defendants' motion for directed verdict was on the grounds, among others, that the suit, instituted on November 9, 1946 was prematurely brought as, under any theory, there was no rent due and payable on that date. It also pointed out that all of the evidence as to the reasonable rental value tended to establish the rental value for the entire crop year, while the suit was for the rent due at the time the suit was brought, and, under any theory, there was no basis in the evidence by which the jury could apportion or divide the rent to measure plaintiff's recovery, even if it be thought some portion of the rent was due and payable to plaintiff when the latter received its sheriff's deed.

Plaintiff argues that the relationship of landlord and tenant existed as soon as it received the sheriff's deed. It admits the rent for the crop years prior to March of 1946 had been paid to the state court receiver and the bankruptcy trustee. It contends the rent due for the crop year of March 1, 1946 to the date of the

sheriff's deed had *accrued* and went with the land to plaintiff and after plaintiff received the sheriff's deed the defendants were tenants at will and liable to plaintiff for rent for the balance of the crop year until February 28, 1947. We have already held that there was a complete failure of proof showing that any rent had *accrued* in November of 1946. While the case was tried in 1948, it remained a suit for rent that had accrued prior to the time the suit was brought. Plaintiff amended its petition twice but in neither amendment did it seek rent for any period of time after the filing of the original petition. Rent that defendants might possibly have owed for occupancy after the suit was filed and until February 28, 1947 was not within the range of plaintiff's petition. No suit will lie for rent that has not accrued. 52 C.J.S., Landlord and Tenant, section 559. And plaintiff did not sue for any rent that might have been due at the termination of defendants' occupancy on February 28, 1947.

It might well be that plaintiff is entitled to rent in some amount for the crop year from March 1, 1946 to February 28, 1947. The bankruptcy conciliator testified he fixed the rentals on this farm on the basis of "annual rent" which he said meant from March 1 to February 28. He made no specific order for the 1946 crop year but the farm was in the possession of the bankruptcy court at the beginning of the crop year. We need not discuss plaintiff's authorities to the effect that it was entitled to the rent for the crop year after the bankruptcy court abandoned the property and dissolved its stay order. Plaintiff did not sue for rent for the crop year. Its action in November was for rent allegedly due for part of the crop year. All of plaintiff's witnesses testified as to the rental value of the property for the entire crop year. The evidence would not warrant any finding of rent in arrear at the time the suit was brought. Without holding that the relationship of landlord and tenant did arise and without holding that plaintiff would be entitled to the rent for the crop year involved, we hold the trial court, under the entire record, should have sustained the motion to direct the verdict for the defendants on the ground that, under the record, even adopting plaintiff's theory, the suit was premature.

III. Plaintiff has moved in this court for dismissal of de-

fendants' appeal on the ground of the latters' late filing of their brief and argument. The record shows both parties were guilty of late filings. Plaintiff was months late in filing its printed record. We have decided to determine the case on its merits. Plaintiff's motion to, dismiss defendants' appeal is overruled. On. plaintiff's appeal the cause is affirmed. On defendants' appeal the cause is reversed.—Affirmed on plaintiff's appeal and reversed on defendants' appeal.

All JUSTICES concur except MANTZ, J., not sitting.