JARCHOW & SONS v. PICKENS.

| 51 | 381 |
| 112 | 690 |

1. **Mortgage:** CHATTELS: PRIORITY OVER LANDLORD'S LIEN. The lien of a mortgagee of chattels, whose mortgage is duly recorded, is prior to that of a landlord upon whose premises they may be afterward used by the mortgagor as his tenant, although the mortgagee may have actual knowledge that such chattels were being so used upon the leased premises.

*Appeal from Scott District Court.*

WEDNESDAY, JUNE 11.

ACTION to replevy two horses of the value of eighty dollars. The horses were the property of one Prosch, but the defendant had acquired a landlord's lien upon them by reason of their having been used upon a farm owned and leased by defendant to Prosch. Before the commencement of this action the defendant had caused the horses to be seized under a landlord's writ of attachment. The plaintiffs' claim to the horses is based upon a chattel mortgage executed to them by Prosch, and duly recorded before the execution of the lease of the farm by the defendant to Prosch. The plaintiffs knew, however, that the horses were being used upon the leased premises during the time that the defendant's claim against them accrued, and did not take possession of them until they were seized under the writ of replevin. The court held that the plaintiff's lien was paramount, and rendered judgment in their favor. The defendant appeals.

*Cook & Richman*, for appellant.

*C. A. Ficke*, for appellees.

ADAMS, J.—The court made the certificate necessary to give this court jurisdiction, certifying that "the question involved is as to who has the superior right—a mortgagee of personal property under a mortgage duly recorded, or a landlord who, after the recording of such mortgage, leases a farm to the mortgagor, taking the

1. MORTGAGE: chattels: priority over landlord's lien.

mortgaged property upon the demised premises and there using it during the term of the lease, said property not being exempt from execution, and the mortgagee knowing that the mortgaged property is being used by the mortgagor upon the demised premises."

The defendant insists that his lien is paramount, for two reasons. In the first place, it is said it is given by statute, which makes no provision for protecting any other liens on the property; and in the second place, if his lien did not become paramount simply by force of the statute, he claims it should be held to be so by reason of the fact that the plaintiffs allowed the horses to be used upon the leased premises during the term of the lease, knowing at the time that they were being so used.

In connection with the first proposition our attention is called to the common law rule which allowed the landlord to distrain for rent property belonging to a stranger if he suffered the property to be used by the tenant upon the leased premises during the term of the lease. The rule was doubtless based upon the supposed necessity of allowing the landlord to rely for security upon such property, either because he might naturally infer it belonged to the tenant, or because the premises afforded a place for its utilization, or for both reasons. Now while this rule is abrogated so far as to preclude the landlord from having a lien upon property not belonging to the tenant, yet, whatever reasons there were for the rule, existing as they did in the nature of things, and being as much in force as ever, it should, it is insisted, be held to be sufficient to exclude mere liens upon the property, so far as they may interfere with the lien given by statute to the landlord.

As to this we think it may be said that the mortgage lien, which is given also by statute, being prior in time, must be regarded as paramount in the absence of any statutory provision allowing a subsequent lien to supersede it. If we are correct in this, then the fact that the plaintiffs looked on and

saw the horses used upon the leased premises would not have the effect to subordinate their lien. Besides, if we did not regard this matter as substantially controlled by statute, we should hesitate to adopt a rule which would make it necessary for a mortgagee of personal property to deprive the mortgagor of possession whenever he should attempt to use the property upon leased premises. It was, doubtless, important to Prosch, the mortgagor in this case, to be allowed to obtain credit by mortgaging his horses and still use them upon the leased premises. If the landlord, seeing that Prosch had nothing but mortgaged horses to use upon the premises, distrusted his security he should have refused to lease, or secured himself otherwise. However desirable it may be to facilitate the leasing of property to poor persons, by affording the lessors every reasonable security, we should not be justified in adopting a rule which would tend so greatly to impair the value of all chattel mortgages.

AFFIRMED.