PERRY v. WAGGONER.

1. **Landlord's Lien:** TO WHAT IT ATTACHES: PRIOR CHATTEL MORT-GAGE. The lessor of a hotel has no lien for rent on property owned by the lessee's wife, though it be used in furnishing the hotel during the term of the lease; and where the wife had mortgaged such property to secure a debt, and the mortgage was recorded, and the lessee afterwards sold his lease to F., and the wife also sold the mortgaged property to F., subject to the mortgage, and F. took possession under such purchases, *held* that the lessor had a lien on the property to secure the rent accruing after F. took possession, but that such lien was inferior to the lien of the mortgage which the original lessee's wife had placed on the property. (Compare *Jarchow v. Pickens*, 51 Iowa 381.)

*Appeal from Warren Circuit Court.*

FRIDAY, MARCH 19.

PLAINTIFF brought this action in equity, to restrain the defendant from foreclosing a chattel mortage on certain personal property. He claims a landlord's lien on the property for the rent of a hotel in which it had been used. Judgment was entered for plaintiff, and defendant appeals.

*H. McNeil*, for appellant.

*Henderson & Berry*, for appellee.

REED J.—Plaintiff leased the hotel in which the property in question was used to A. J. Wright, by a written contract, for the term of one year, with the privilege to the tenant of extending the term for two years. Wright occupied the premises for sixteen months, and paid the rent accruing under the contract for that time. He surrendered possession to J. H. Fish, who occupied it for four months, but paid no rent for that time. Fish purchased the property in question, (which is the furniture and fixtures in the hotel,) and used it in the hotel during the time he occupied it. It is for the rent during the time of Fish's occupancy of the premises that plaintiff claims a lien on the property. Wright yielded possession, and Fish occupied the premises with plaintiff's consent. He claims, however, that the transaction was a purchase by Fish of Wright's interest under the lease, and that he occupied the premises, and the rent now due from him accured, under that contract. But this claim is denied by defendant. The mortgage which defendant was proceeding to foreclose when this suit was instituted was given by M. A. Wright, the wife of A. J. Wright. It was executed twenty days after the execution of the lease from plaintiff to A. J., but was given to secure a debt which was contracted before the date of said lease. The property covered by the mortgage was in the hotel when Wright's term under the lease began. It was purchased from a former tenant of the premises, who surrendered possession about that time, and it was used in the hotel during the time of the occupancy of the property by both Wright and Fish. When Fish purchased the property, he knew of the existence of the mortgage, and understood that he was taking the property subject to it. The mortgage was also duly recorded at that time.

For the purpose of the case, it will be conceded that Fish purchased Wright's interest under the lease, and that he held the property, and the rent now due from him accrued under that contract. With this concession, the question whether plaintiff has a lien on the property for the rent due from Fish

depends upon whether A. J. Wright had any interest in it during the time he occupied the premises; and on this question we think the very decided weight of the evidence is against the plaintiff. The party from whom the property was purchased and Mrs. Wright both testify postively that the sale was to her, and not to A. J. Wright. The evidence also shows that the debt which is secured by the mortgage to defendant was for money borrowed by Mrs. Wright from defendant, and used by her in the purchase of the property; and this positive testimony is in no manner contradicted. We do not understand, indeed, that it is seriously contended that she was not the owner of the property, or that, as between her and defendant and Fish, the mortgage to defendant is not perfectly valid; but, as we understand the position of counsel for appellee, it is that, as the property was in the hotel when the lease was made, and was there for use by the tenant upon the premises during the term of the lease, and was so used, plaintiff has a lien upon it for the rent, regardless of whether the tenant was the actual owner of it or not, and this seems to have been the view adopted by the circuit court. But, in our opinion, the position is not sound. The lien given the landlord for the security of his rent is strictly statutory. It is created by section 2017 of the Code, which provides that " a landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant which has been used upon the premises during the term. *    *    * "

There can be no question as to the extent of the right created by this section. It gives the landlord a lien upon all crops grown upon the demised premises, and upon all other personal property of the tenant which has been used upon them during the term; but this is the extent of his remedy. He has no lien upon the property of third parties, although it may have been used by the tenant upon the demised premises during the term of the lease. It follows that plaintiff had no lien upon the property until it was purchased by Fish; and,

as both Fish and he were then charged with notice of defendant's mortgage, his lien for the rents accruing after that time was inferior to the lien of the mortagee. *Jarchow v. Pickens*, 51 Iowa, 381. The judgment will be reversed, and the case remanded, with directions to the circuit court to enter a judgment in harmony with this opinion; or, at defendant's election, such judgment will be entered in this court.

REVERSED.