MANHATTAN TRUST CO. v. SIOUX CITY & N. RY. CO. (TRUST CO. OF
NORTH AMERICA, Intervener).

(Circuit Court, N. D. Iowa, W. D. June 1, 1895.)

1. RAILROAD MORTGAGES — AFTER-ACQUIRED PROPERTY — LANDLORD'S LIEN—
IOWA STATUTE.
The S. Ry. Co. made a mortgage covering after-acquired property, which
was recorded in W. county, Iowa, on January 31, 1890. On January 21,
1890, the railway company took a lease of certain lands for depot purposes
within W. county. Most of the rolling stock acquired by the railway com-
pany was shown to have been delivered to it before being used on such
depot grounds, and none was shown to have been used there before de-
livery to the railway company. Held that, as to all rolling stock acquired
after the recording of the mortgage, the lien of the mortgage attached im-
mediately upon its delivery to the company in W. county, or upon its
coming within that county, and before any lien could attach in favor of
the landlord under the Iowa statute (McClain's Code, § 3192), giving a
landlord a lien for rent on any personal property of the tenant used on the
premises, during the term.

**2.** Landlord's Lien—Limitation—Iowa Statute.

The statute provides (McClain's Code, § 3192) that the landlord's lien shall not in any case continue more than six months after the expiration of the term. The lease to the railway company was declared forfeited for nonpayment of rent, pursuant to a power reserved in it; and proceedings to enforce the lien were not commenced until nine months after such forfeiture. *Held* that, if any lien existed, it had expired.

**3.** Same.

Whether rolling stock, used on a railway line, can be deemed personal property used upon depot grounds leased to the railway company, within the meaning of the statute (McClain's Iowa Code, § 3192), giving the landlord a lien on such property, quaere.

This was a suit by the Manhattan Trust Company against the Sioux City & Northern Railway Company for the foreclosure of a mortgage. The Trust Company of North America intervened, claiming priority for a lien asserted against the rolling stock of the railway company.

Strong & Cadwalader, for complainant.

Joy, Call & Joy, for intervener.

SHIRAS, District Judge. This case is now before the court upon an intervening petition filed by the Trust Company of North America, and the question thereby presented is whether the lien of the Manhattan Trust Company, under the mortgage executed to it as trustee, is superior to the landlord's lien asserted under a lease of the terminal property in Sioux City, executed by the Sioux City Terminal Railroad & Warehouse Company to the Sioux City & Northern Railway Company, it being claimed that the landlord's lien is the first and paramount lien upon the rolling stock of the railway company used upon the leased premises. The question arises upon the following facts: On December 27, 1889, the stockholders of the railway company authorized the execution of a mortgage to the Manhattan Trust Company, as trustee, to secure bonds to be issued at the rate of $20,000 per mile of the contemplated road, and to cover all the property of the road then held or after acquired. The mortgage was executed, bearing date January 1, 1890; was acknowledged by the railway company January 22, and by the trust company January 27, 1890; and it was recorded in Woodbury county, Iowa, wherein Sioux City is situated, on January 31, 1890. The terms of the mortgage are comprehensive enough to include the property in dispute, and cover after-acquired property, authority therefor being found in the provisions of section 1966, McClain's Code Iowa, which enacts that mortgages or deeds of trust executed by railway companies "may, by their terms, include and cover, not only the property of the corporation making them at the time of their date, but property real and personal which may thereafter be acquired, and shall be as valid and effectual for that purpose, as if the property were in possession at the time of the execution thereof." The lien of this mortgage, therefore, as between the mortgagor and mortgagee, attached to the rolling stock as soon as the same was acquired by the railway company. Thus it is said by the supreme court in Railroad Co. v. Cowdrey, 11 Wall. 459–481:

"Had there been but one deed of trust, and had that been given before a shovel had been put into the ground towards constructing the railroad, yet if it assumed to convey and mortgage the railroad which the company was authorized by law to build, together with its superstructure, appurtenances, fixtures, and rolling stock, these several items of property, as they came into existence, would become instantly attached to and covered by the deed, and would have fed the estoppel created thereby. No other rational or equitable rule can be adopted for such cases. To hold otherwise would render it necessary for a railroad company to borrow money in small parcels as sections of the road were completed, and trust deeds could safely be given thereon."

Pennock v. Coe, 23 How. 117; Jones, Mortg. § 153.

Thus it is made clear that the mortgage or trust deed executed to the Manhattan Trust Company became a lien as between the parties thereto, from the date of delivery, upon the property then owned by the railway company, and this lien attached to the after-acquired property as soon as the same passed into the possession of the grantor in the mortgage. The lien claimed on behalf of the Trust Company of North America is based upon a lease executed by the Sioux City Terminal Railroad & Warehouse Company to the Sioux City & Northern Railway Company of the certain premises in Sioux City, Iowa, which were used by the railway company for depot purposes. This lease bears date December 14, 1889, and was acknowledged by both parties thereto on January 21, 1890. It pro-vided for the payment of a rental of $90,000 per year, payable quarterly, and it is claimed that, under the provisions of section 3192 of McClain's Code of Iowa, a landlord's lien exists upon the rolling stock of the railway company which was used on the leased premises, and that such lien is prior to that created by the mortgage. The section in question reads as follows:

"A landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant which has been used on the premises during the term, and not exempt from execution for the period of one year after a year's rent or the rent of a shorter period claimed falls due; but such lien shall not in any case continue more than six months after the expiration of the term."

Under the provisions of this section of the statute, it is the use of the personal property of the tenant upon the leased premises that creates the lien, and if the property, when such use begins, is then subject to another lien, as of a mortgage duly recorded, the latter is not displaced by, or subordinated to, the lien of the landlord. Jarchow v. Pickens, 51 Iowa, 381, 1 N. W. 598; Perry v. Waggoner, 68 Iowa, 403, 27 N. W. 292.

The stipulation of facts filed in this case shows that the larger part of the rolling stock in question passed into the possession of the Sioux City & Northern Railway Company before the same was used upon the leased premises, known as the "Terminal Grounds." The cars and engines were purchased at different places in other states, but in no case is it shown that the delivery thereof was made to the railroad company after the cars had been used on the terminal grounds. Delivery by the manufacturers of the cars and engines to other railway companies, such as the Chicago & Northwestern Railway Company or the Chicago, Milwaukee & St. Paul, was, in effect, a delivery to the Sioux City &

Northern Company; and the lien of the mortgage recorded in Woodbury county, Iowa, under the provisions of sections 1966 and 1967 of McClain's Code, would attach to the rolling stock as soon as it passed within the limits of Woodbury county, and it could not possibly be used on the terminal grounds until after the mortgage lien had attached thereto. It is therefore entirely clear that, as to those portions of the rolling stock that were purchased by and delivered to the railway company after the date of the recording of the mortgage, to wit, January 31, 1890, the lien of the mortgage is prior and superior to any lien arising from the use of the property upon the leased premises. It is claimed, however, that some of the rolling stock was in fact used on the leased premises after the date of the lease, and before January 31, 1890, when the mortgage was recorded, and that the landlord's lien is therefore the prior lien on such portion of the rolling stock as was thus used. Section 3192 of McClain's Code declares that the landlord shall have a lien "for the period of one year after a year's rent or the rent of a shorter period claimed falls due; but such lien shall not in any case continue more than six months after the expiration of the term."

In the lease from the terminal to the railway company it is expressly provided that, if default is made for a period of 30 days in the payment of the rent reserved or any part thereof, the lessor might forfeit the lease, and re-enter upon possession of the leased premises; and it is shown that on the 23d day of December, 1893, the terminal company declared a forfeiture of the lease, under the power reserved in the lease, for the failure to pay the rent accruing upon September 14, 1893. Having, by its own action, thus ended the lease, the terminal company had six months' time from that date within which to bring an action for the enforcement of the lien claimed. A failure to bring an action within the period named terminates the lien. Nickelson v. Negley, 71 Iowa, 546, 32 N. W. 487.

It is not shown that any proceeding, other than the intervention in this case, was brought for the enforcement of the lien now claimed; and as the petition in intervention in this suit was not filed until in September, 1894, more than six months had elapsed after the expiration of the term before suit was brought, and it therefore follows that, even if a lien did exist upon a part of the rolling stock for the rental due up to the time the lease was terminated, the lien has ceased to exist for the reason stated.

It has been very strongly urged in argument by counsel for complainant that the rolling stock, used upon a railway line, cannot be deemed to be "personal property," within the meaning of those words as used in the section of the statute creating a landlord's lien, and especially so in view of the provisions of section 1967 of McClain's Code, and that rolling stock used upon the line of railway cannot be said to be used within the limits of a terminal depot, so as to fasten and continue a landlord's lien thereon. It has not seemed necessary to decide this question, and I do not indicate any opinion thereon; but assuming, for the purposes of the case, that a

landlord's lien may be made applicable to such property, I hold that, under the facts now before the court, the lien of the mortgage to complainant is prior and superior to the lien, if any, which may have existed in favor of the terminal company, under the lease executed by it to the railway company.