H. CHAMBERLAIN, Executor, Appellee, v. CARRIE E. FAY et al., Appellants; ELLIS N. FAY et al., Appellees.

DECEMBER 13, 1927.

REHEARING DENIED MARCH 10, 1928.

*Heald, Cook & Heald,* for Carrie E. Fay, appellant.

*W. H. Morling,* for Marguerite Crandall, appellant.

*Buck & Kirkpatrick,* for plaintiff, appellee.

*J. P. Goble,* for Odd Fellows Lodge, appellee.

STEVENS, J.—I. Nathan T. Wilcox died testate June 4, 1924. According to the inventory filed by his executor, the assets of his estate amounted to $548.83. Claims were filed and allowed by the executor against the same in ap-proximately double this sum. Carrie E. Fay, a grandniece of testator's, who lived in his home practically all of the time after she was 3½ years of age, was the chief beneficiary of his bounty. On October 13, 1915, the testator conveyed 160 acres of land in Clay County to Carrie E. Fay for a consideration of $1.00 and love and affection. On March 25, 1921, he executed a will, by the terms of which he gave the appellee Ellis N. Fay $1,000, and the appellant Marguerite Crandall $3,000. The residuary estate he bequeathed to Carrie E. Fay. On October 26, 1923, the provisions made in the will for Ellis N. Fay and Marguerite Crandall were revoked. Prior to that date, and on or about November 4, 1923, testator assigned a note and mortgage held by him for $6,000 to H. Chamberlain, as trustee. This trust instrument provided that the interest and income from said note and mortgage should be paid to the deceased so long as he lived, and upon his death and the payment of said note, the trustee was directed to pay $5,000, with the accumulated interest, to Marguerite Crandall, and $1,000 to Ellis N. Fay.

Carrie E. Fay filed a claim against the estate of Nathan T. Wilcox for $795.31, $500 of which, with the accumulated interest thereon, was represented by a note given by the testator to her on or about September 27, 1919. The remaining items of her claim were for sums expended for nurses' hire, drugs, and medicine for decedent, and for loss of time as a teacher in the public schools, occasioned by his illness.

The testator also possessed a note for $1,900, executed to him by the Odd Fellows Lodge at Spencer, Iowa. Shortly prior to his death, he entered into an agreement in writing with the lodge, by the terms of which it was agreed that, upon the payment by it of all of the expenses of bringing his body to Spencer for burial, and of the burial thereof by the side of his wife, the note was to be canceled and surrendered.

This action was commenced by the executor, to subject all of the property above referred to, to the payment of the claims filed against the estate, collateral inheritance taxes, and the expenses of administration. The appellant among other defenses tenders a plea of former adjudication, which will be discussed in detail in another subdivision of this opinion.

The court found that the conveyance of the farm to appellant Carrie E. Fay and the assignment of the $6,000 note and mortgage to Chamberlain as trustee, were voluntary and without consideration. At the time the deed to the farm was executed, the testator was solvent, and had sufficient property out of which to pay all of his obligations; but, at the time the $6,000 note and mortgage were assigned to Chamberlain in trust for the purposes stated above, he possessed no other property. It is not claimed that actual fraud was attempted by any of the parties in the several transactions referred to.

The right of an owner who is solvent to make a gift of his property is, of course, not questioned. The evidence clearly shows that, at the time the farm was conveyed to appellant Carrie E. Fay, the testator possessed abundant property with which to pay his obligations, and the gift thereof to her must be sustained. If, however, the assignment and transfer of the $6,000 note and mortgage to the trustee are sustained, with the consequent distribution thereof to the beneficiaries named, the assets of the estate will be wholly insufficient to pay the just claims against the same, together with the necessary expenses of administration.

It is the contention of counsel for appellant that, in the absence of fraud, the proceeds of the note assigned for her benefit cannot be subjected to the payment of the claims filed against the estate. The rule established by the authorities cited by appellant is familiar, and needs no comment; but a voluntary conveyance of property by one who is insolvent to another is pre-

sumptively fraudulent, as against the claims of existing creditors, and may, for that reason, be set aside. *Wiltse v. Flack*, 115 Iowa 51; *Cox v. Collis*, 109 Iowa 270; *Campbell v. Campbell*, 129 Iowa 317; *Strong v. Lawrence*, 58 Iowa 55; *Kolb.v. Mall*, 187 Iowa 193.

Unless, therefore, the plea of former adjudication presently to be considered is good, the proceeds of the $6,000 note, so far as same shall be necessary for that purpose, were properly subjected by the decree of the court to the payment of claims filed against the estate and to the expense of the administration thereof.

The transaction with the lodge, by which it became entitled to the cancellation and surrender of the note, was supported by an adequate consideration. The terms thus imposed upon it by the written agreement under which the note was to be canceled, were fully carried out and executed by the lodge.

II. Sometime prior to the commencement of the present action, the appellant Carrie E. Fay undertook, by a proper action in equity, to have the assignment and transfer of the $6,000 mortgage to H. Chamberlain, as trustee, set aside and canceled, upon the ground that Nathan T. Wilcox, the assignor, was mentally incompetent to make such transfer, and that same was obtained by fraud and undue influence on the part of appellant and others. The trial resulted in a decree in favor of the defendant Ellis N. Fay and appellant Marguerite Crandall, fully sustaining the assignment and transfer and quieting title in them. This judgment and decree is pleaded by appellant as an adjudication of all her claims and rights in this action. The executor was not a party to the prior action. The issue there involved was the mental capacity of the deceased to execute the assignment and transfer of the note and mortgage, and fraud and undue influence in the procurement thereof. Had Carrie E. Fay prevailed in that action, the entire proceeds of the mortgage indebtedness would have become a part of the testator's estate, and, after the payment of claims and the expenses of administration, would have passed to her, under the residuary clause of the will.

All of the issues that were, or might have been, tendered in that action were finally adjudicated by the decree entered therein. *Merrifield v. Clark*, 199 Iowa 171; *Smith Lbr. Co. v. Sisters*

*of Charity,* 146 Iowa 454; *Sampson v. Jump,* 188 Iowa 528. The executor was not, however, a party thereto, and no question was, or could have been, raised therein as to the rights of creditors or of the executor to maintain an action to subject property to the payment of the expenses of administration.

The contention of the plaintiff was that the defendants named therein were the beneficiaries of a gift fraudulently obtained, and that the agreement should be canceled and set aside upon that ground. The issues of the pending action are wholly different, and the parties are not the same. The plea of prior adjudication cannot, for obvious reasons, be sustained.

III. The court denied all of the items of Carrie E. Fay's claim, except the note for $500 and interest thereon. From this finding, so far as the same is adverse to her, Carrie E. Fay appeals.  The court based its decision upon the evidence, which showed that the services were rendered and the expenses incurred for nurses, medicine, etc., by appellee as a member of the family of the testator, and without the intention of making a charge therefor. This finding, which was in probate, has support in the evidence, and is conclusive on this appeal.

We find no error in the record, and the judgment and decree is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.