IN RE ESTATE OF MARY E. FINARTY.

No. 42815.

MARCH 5, 1935.

Miller & Everett and Johnston & Shinn, for appellant.

H. E. de Reus and McCoy & McCoy, for appellee.

DONEGAN, J.—On March 21, 1917, Harry Finarty, Henrietta Finarty, his wife, and J. W. Finarty, his father, signed a note for $1,000 payable on demand to the Citizens National Bank, with interest at eight per cent, payable annually. It appears that the proceeds of this note were deposited to the account of Harry Finarty, and that neither Henrietta Finarty nor J. W. Finarty received any part thereof. J. W. Finarty died in 1920, and Harry Finarty died in 1924. The interest that accrued on this note up to June 30, 1919, appears to have been paid, but no other payment was made on either interest or principal prior to January 19, 1926. On January 19, 1926, Mary E. Finarty, the mother of Harry Finarty and surviving spouse of J. W. Finarty, gave the Citizens National Bank her personal note for $1,000, payable five years after date, with interest at

eight per cent after maturity, payable annually. This note was re-newed once and was paid prior to the death of Mary E. Finarty. At the time Mary E. Finarty executed her personal note for $1,000, the Citizens National Bank delivered to her the promissory note for $1,000 dated March 21, 1917, which had been executed by Harry Finarty, Henrietta Finarty and J. W. Finarty, and this note was placed by her in her deposit box, where it was found by her executor after her death. On October 11, 1928, Mary E. Finarty executed her last will and testament, in which she devised certain lots in the town of Knoxville, Iowa, to her grandson, Arthur Clyde Finarty, Jr., son of Clyde Finarty, and, after giving $1,000 abso-lutely to Henrietta Finarty and leaving $2,000 to her in trust for her two children, and after making certain other specific bequests, the balance of the property of testatrix was given to said Henrietta Finarty and Arthur Clyde Finarty, Jr. Mary E. Finarty died in 1932, and shortly thereafter her will was duly admitted to probate, and Clyde Finarty, named in said will, was appointed and duly qualified as executor. In October, 1933, the executor filed a report in which he listed as assets of said estate the note of Henrietta Finarty, which had been signed by her along with Harry Finarty and J. W. Finarty on the 21st day of March, 1917, and which, with the accrued interest thereon, was set out in said report as amounting to $2,719.62. He also listed among the disbursements made by him, as such executor, the sum of $2,719.62 to Henrietta Finarty, which was made, not by payment in cash, but by a credit of that amount upon the said note. Thereafter, the said Henrietta Finaity filed objections to that portion of the report in which the executor charged her with a disbursement of $2,719.62 by way of credit given to her on the said note. A resistance to such objections was filed by the executor, and, by agreement of parties, trial was had to the court. Thereafter, the court filed its ruling in which it found that the said executor had no authority to offset the amount claimed upon said note against the interest of Henrietta Finarty in said estate, and a judgment was entered accordingly. From such judg-ment the executor, Clyde Finarty, appeals. In this opinion, Clyde Finarty is referred to as the appellant, and Henrietta Finarty as the appellee.

At the outset, we are confronted with a motion of the appellee to dismiss the appeal, on the ground that the appellant has not set out any sufficient statement of the errors relied upon for

reversal. It must be admitted that the specifications of error set out by the appellant do not comply with the requirements of Rule 30 of this court, and under the strict application of that rule the appellee's motion to dismiss would have to be sustained. The record in this case is so brief and the question at issue so apparent that we do not feel inclined to enforce the rule, and the motion to dismiss will be overruled.

While there are two allegations of error in appellant's brief, the second allegation of error is really controlled by the first. We, therefore, have but one question presented to us, and that is whether the trial court erred in holding that the transaction between Mary E. Finarty and J. C. Collins, the cashier of the Citizens National Bank, at the time said Mary E. Finarty gave said bank her personal note for $1,000 and received from the bank the note of Harry Finarty, Henrietta Finarty, and J. W. Finarty, amounted to a payment of the latter note. If such transaction did amount to payment, as held by the trial court, then the note, upon which the executor seeks to hold Henrietta Finarty and to offset the sum of $2,719.62 against her interest in the estate of Mary E. Finarty, was not an asset of said estate and cannot be used for that purpose. The appellant contends that the transaction between Mary E. Finarty and J. C. Collins, the cashier of the bank, amounted to a purchase of the said note of $1,000 which had been signed by her son, her husband, and her daughter-in-law, in exchange for her personal note of $1,000. Whether such transaction was a payment or a purchase depends upon the intention of the parties.

The hearing before the trial court upon the objections of appellee to appellant's report and appellant's resistance thereto, being a proceeding in probate, was at law and not in equity. The appeal, therefore, does not present to us a case for trial *de novo*, but merely one for the review of errors of law. The only error of law presented by this appeal is that in which it is alleged that the court erred in finding that it was the intention of the parties that the personal note of Mary E. Finarty was given to the bank by Mary E. Finarty and was accepted by the bank in payment of the note of her deceased husband and son and her daughter-in-law. It is so well settled that the finding of a court in the trial of a law action has the force and effect of the verdict of a jury, and that such finding will be conclusive upon this court and will not be disturbed upon appeal if it has support in the evidence, that it is

here sufficient to cite a few of the many cases in which this rule has been followed without any quotation therefrom. Leathers v. Oberlander, 139 Iowa 179, 117 N. W. 30; In re Estate of Clark, 151 Iowa 511, 131 N. W. 700; McGovern v. Heery, 159 Iowa 507, 141 N. W. 435; In re Estate of O'Hara, 204 Iowa 1331, 217 N. W. 245; Chamberlain v. Fay, 205 Iowa 662, 216 N. W. 700; In re Plendl's Estate, 218 Iowa 103, 253 N. W. 819; In re Jefferson's Estate, 219 Iowa 429, 257 N. W. 783.

The scope of our inquiry is, therefore, narrowed down to a determination of whether there was evidence before the trial court upon which it could base its finding that it was the intention of the parties that the personal note of Mary E. Finarty was given by her and accepted by the bank in payment of the note of Harry Finarty, Henrietta Finarty and J. W. Finarty. There was evidence before the trial court from which it could find that the note in question was signed by Henrietta Finarty and by J. W. Finarty for the benefit of Harry Finarty, and that neither Henrietta Finarty nor J. W. Finarty received any part of the proceeds thereof. It is undisputed that at the time Mary E. Finarty gave her personal note to the bank both J. W. Finarty and Harry Finarty were dead, and Henrietta Finarty was the only survivor of the signers of the note here involved. While J. C. Collins, the cashier with whom the transaction was had, as a witness for the appellant testified that the note upon which Henrietta Finarty's name appeared was not stamped as paid when it was delivered to Mary E. Finarty, as was customary when a note was paid, upon cross-examination he admitted that he did not recall the conversation had with Mary E. Finarty at the time of the transaction and that it was the essence of his thought to recover the money evidenced by this note for the bank. It also appears, that, prior to the delivery of the personal note of Mary E. Finarty, the note of Harry Finarty, Henrietta Finarty and J. W. Finarty had been placed among the bad debts of the bank, and that when the note of Mary E. Finarty was given to Collins the records of the bank showed the application of this note of Mary E. Finarty in payment of the bad debt evidenced by the note upon which Henrietta Finarty's name appeared. No written assignment or indorsement was made by the bank upon the note of Harry Finarty, Henrietta Finarty and J. W. Finarty, at the time that it was delivered to Mary E. Finarty, and, so far as the evidence shows, nothing was ever done with this note by Mary E. Finarty

after she received it, except to place it in her deposit box, where it was found after her death. The evidence shows that the will of Mary E. Finarty was not executed until more than two years and eight months after the transaction between Mary E. Finarty and the bank, and in this will Mary E. Finarty left a legacy of $1,000 to Henrietta Finarty and named her as one of the two residuary legatees, without any mention that she was indebted to testatrix in any way.

We do not think it can be said that there was not sufficient evidence to sustain the finding of the trial court, and, this being true, the judgment appealed from must be, and is hereby, affirmed. —Affirmed.

ANDERSON, C. J., and all Justices concur.