WILFARENE ROGERS, Executrix, Appellant, v. H. E. DAVIS et al., Appellees.

No. 43708.

APRIL 6, 1937.

B. D. Silliman, for appellant.

Deacon, Sargent & Spangler and E. J. McPartland, for appellees.

HAMILTON, J.—Defendants, H. E. Davis and Mildred Davis, are husband and wife. A written lease was entered into between T. P. Rogers and H. E. Davis, whereby certain apartments belonging to Rogers were leased to said defendant, H. E. Davis, for a term beginning April 5, 1930, and ending April 1, 1931. The lease contained a provision that any holding over should constitute a renewal of the lease for the period of occupancy. The premises were occupied by H. E. Davis and his wife, and they did hold over and occupy the premises after the expiration of the term until June 9, 1933. A landlord's attachment issued, and under this certain furniture located in the apartment, but which was the property of the wife, was attached. Notice of ownership was served upon the sheriff by Mildred Davis, the wife. The plaintiff, thereupon, filed an indemnity bond. (Section 12117, Code 1935.) The defendant, Mildred Davis, thereupon filed a delivery bond. (Section 12121, Code 1935.)

The answer admits the execution of the lease by H. E. Davis and denies generally all other allegations of the petition and contains a specific denial by Mildred Davis that she is in any way liable to the plaintiff for any claim arising out of the execution of the lease. Mildred Davis also set up a counterclaim for alleged wrongful attachment of her property and asked for damages in the sum of $500.

On September 27, 1934, a stipulation of settlement was entered into, wherein plaintiff agreed to accept $400 plus $10 court costs, payable in installments, in full settlement, and upon final payment to dismiss his case, and defendants to dismiss counterclaim. It was further stipulated that the case should be taken out of the assignment, with the proviso that in the event of any default in payment, plaintiff should have the right to have case placed back in the assignment and to demand full amount claimed less any payments made, and defendant, Mildred Davis,

be entitled to assert her counterclaim. The defendants defaulted in making payment, and the case was again assigned for trial.

On February 7, 1936, the plaintiff and defendants filed the following:

"STIPULATION

"Comes now the plaintiff, through her attorney, B. D. Silliman, and the defendants through their attorney, Edward J. McPartland, who stipulate and agree as follows:

1. That Wilfarene Rogers is the executrix of the estate of T. P. Rogers and that she may be substituted as plaintiff in this cause.

2. That as a stipulation of fact it is agreed that the instrument that will be filed with this stipulation (Exhibit 1) is the original of a lease entered into on or about April 5, 1930, between T. P. Rogers and H. E. Davis, covering the occupation of an apartment owned by the said T. P. Rogers at 123 North 18th Street in the city of Cedar Rapids, Iowa; that the defendant, H. E. Davis, and the defendant, Mildred Davis, were and are husband and wife; that they entered into possession, on or about April 1, 1930, and continued in possession, without the execution of any other lease until June 9, 1933; that the defendants continued to hold over after April 1, 1931; that on June 9, 1933, the defendants vacated the premises without any written notice to the landlord, T. P. Rogers.

3. That at the time of the vacation of the premises, T. P. Rogers had due and owing to him as rent on the premises the sum of Four Hundred Fifty-five dollars ($455.00); that the opening paragraph of the lease. provides for interest at seven per cent (7%) on unpaid balances; that on September 27, 1934, the defendant, H. E. Davis, paid One Hundred Dollars ($100.00) under the terms of the stipulation on file in this cause, leaving a balance for rent of Three Hundred Fifty-five Dollars ($355.00) plus any interest that may be due under the lease.

4. That Mildred Davis did not sign the lease; that H. E. Davis and Mildred Davis, as husband and wife did occupy the apartment which was suitable to their station in life, and that rent charged was reasonable under the circumstances.

5. That this cause shall be submitted for final decision to the court, without a jury, the jury being hereby expressly

waived; that the matter shall be submitted on this stipulation and written briefs and arguments to be filed by both parties within ten days from this date; that it is intended that the court shall particularly decide the legal question as to the liability of the wife or her freedom from liability on this claim for rent.

6. That a landlord's attachment was made herein, that the plaintiff deposited an indemnity bond with the sheriff, and the defendant, Mildred Davis, filed a delivery bond for the release of certain furniture, which furniture Mildred Davis claimed to own as property acquired by her prior to her marriage to the defendant, H. E. Davis; that in the event the court holds that there is no liability on the part of Mildred Davis and in the event no judgment is entered against her, then the court shall dismiss the counterclaim and enter an order exonerating both bonds; that in the event the court renders judgment against Mildred Davis for any amount, no orders respecting these bonds shall be made at this time.

Dated at Cedar Rapids, Linn County, Iowa, this 6th day of February, A. D., 1936."

On February 21, 1936, the following judgment was rendered and entered of record:

"The Court finds judgment should be entered against the defendant, H. E. Davis, for the sum of $355.00 with 7% interest thereon from and after September 27, 1934, and for costs. Clerk assess judgment accordingly. He excepts.

"The Court finds in favor of the defendant, Mildred Davis. Her counterclaim is dismissed and both bonds exonerated. Plaintiff excepts."

Defendants did not appeal from this judgment. Plaintiff appealed from the following portion only of said judgment, to wit: "The court finds in favor of the defendant, Mildred Davis * * * both bonds exonerated," the notice of appeal stating that "the plaintiff appeals from that portion of the judgment relieving the defendant, Mildred Davis, from liability for rent, and exonerating the delivery bond executed by her."

The errors relied upon for reversal are as follows:

(1) The court erred in relieving the defendant wife from her liability for rent.

(2) The court erred in exonerating the delivery bond executed by her.

The appellant contends in argument that under section 10459 of the Code, rent is an "expense of the family", and that the court should have entered judgment against the wife as well as the husband, that the fact that the husband executed a written lease did not relieve the wife of her statutory liability for family expenses, and that since the wife elected to execute a delivery bond under section 12121 of the Code, conditioned that she would deliver the property or its appraised value to the sheriff, or satisfy the judgment obtained against her, the court erred in releasing and exonerating such bond.

In opposition to this appellees present four separate propositions relied upon for affirmance:

(1) That appellant's assignment of errors does not comply with Rule 30 of this court.

(2) That the parties submitted their cause to the court for decision without trial under the provisions of chapter 547 of the Code, and the failure of the parties to file an affidavit of good faith as required by section 12687 is fatal to the jurisdiction of the court.

(3) That the pleadings filed show that the cause of action pleaded by the plaintiff was on the written lease alone; that the wife, Mildred Davis, was not a party to the lease, and that the plaintiff had no contract with her, express or implied, and had no lien upon the wife's property, she not being a tenant of the landlord, and that the court properly exonerated the delivery bond executed by the wife to secure the release of her property.

(4) That the action was not brought under the family necessaries statute, section 10459, and that the wife's liability for rent as a family expense is not now and never has been an issue in the case, and cannot be raised for the first time on appeal.

 It will be noted that all of the propositions urged by appellees go to the method of procedure, rather than to the merits of the question which appellant seeks to have determined by this court, namely, the question as to the liability of the wife or her freedom from liability on plaintiff's claim for rent. A casual reading of appellant's assignment of errors demonstrates conclusively an utter failure to comply with Rule 30. There is absolutely no reference to any part of the record, other than the exception to the court's ruling. There is no specific complaint or reason assigned as to why the court was in error. The assign-

ments are purely omnibus assignments which have been condemned repeatedly by this court. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18; Dailey v. Standard Oil Co., 213 Iowa 244, 235 N. W. 756. It is true, as suggested by appellant in her reply argument, that we could say, in the language of the court in the case In re Estate of Finarty, 219 Iowa 678, 259 N. W. 112, 113, that "the record in this case is so brief and the question at issue so apparent that we do not feel inclined to enforce the rule," and we might be inclined to follow this suggestion if this were the only matter involved in this appeal.

■■■ We pass the appellees' second proposition with the observation that in our opinion the case was not submitted under chapter 547 of the Code, but was submitted on the pleadings and stipulation of facts.

■■■ The third proposition, namely, that suit was upon the written lease alone, and that the plaintiff had no contract with the wife, either express or implied, and had no lien upon the wife's property since she was not a tenant of the landlord, must, we think, be decided in favor of appellees' contention. The petition is a straight action to recover rent falling due within one year previous to the date of the filing of the petition, upon a written lease which is attached to the petition, and which is signed by the husband alone, and the prayer of the petition is for judgment against the defendants and each of them for the sum of $455, together with interest at the rate of 7% as provided by the lease, and for the issuance of a landlord's attachment without bond, and in this petition there is no mention made of the provisions of the statute with reference to expenses of the family, and the right of the plaintiff to subject the wife's property to such expenses. The petition simply states that the defendants are husband and wife, and in possession of the premises. The answer goes specifically to this matter and raises the very proposition that the wife was not in any way liable to the plaintiff for any claim arising out of the execution of the lease, and the wife sets up a counterclaim based on the wrongful attachment of her property under the landlord's attachment, so that the only issue presented by the petition and the answer and counterclaim was relative to the wife's liability under this lease.

Appellant seeks to avoid this dilemma by contending that the stipulation is broad enough to present the issue of the wife's liability, independent of the lease, and raises the issue that the

wife is liable because rent is an "expense of the family", under section 10459 of the Code. Examination of the stipulation will reveal that specific reference is made to the lease and to the fact that the lessees held over after the term had expired, and under the terms of the lease itself they were presumed to be holding under the terms of the lease. The amount claimed is the amount stated in the lease, including 7% interest, which is more than the statutory rate (section 9404, Code 1935) except where agreed to by written instrument signed by the parties sought to be charged. The stipulation does state that the defendants were husband and wife and did occupy the apartments, that the apartments were suitable to their station in life, and that the rent charged was reasonable under the circumstances. But there is no allegation, except by implication, that the plaintiff was seeking to hold the wife because of the provisions of section 10459 of the Code, and the statement in paragraph 5 of the stipulation, "that it is intended that the court shall particularly decide the legal question as to the liability of the wife or her freedom from liability on this claim for rent," must be confined within the limits of the issues presented by the petition and cannot be referable to something entirely outside of the allegations of the petition or the issues raised by the pleadings. That the plaintiff was basing her action upon the written lease is borne out by her conduct in attaching the wife's property under the landlord's attachment. She backs this up by giving an indemnity bond. The wife stands behind her allegation that she is not liable under the lease, and backs up her position by executing a delivery bond. There is nothing in this record except the petition, the answer and counterclaim, and the stipulation of facts. No other evidence was introduced. There is nothing in the record to indicate further as to what was presented to the trial court at the time the matter was submitted. The trial court makes no findings of fact. He simply finds in favor of the wife.

We are not able to say, without unduly straining the rules of construction as applied to the pleadings, that the issue which appellant now seeks to have this court determine was presented to the trial court. The wife, not joining in the lease, was not a tenant, and her property was not subject to attachment. Perry v. Waggoner, 68 Iowa 403, 27 N. W. 292; Schurz v. McMenamy, 82 Iowa 432, 48 N. W. 806; annotation, 9 A. L. R., page 314. Therefore, the attempt to hold the property of the

wife under the attachment was without legal force or effect, and any action brought upon the delivery bond would be ineffectual. The property of the wife sought to be subjected consisted of ordinary household goods, which under the provisions of section 11760, par. 21, of the Code, 1935, would ordinarily be exempt. Upon the whole record we are inclined to the conclusion that the plaintiff failed to make out a case against the wife. This is a law action brought here on assignment of errors. The case has been . ably presented by experienced counsel. Appellant's argument is quite persuasive, yet we cannot escape the logic or reason of the conclusion that had counsel for appellant had in mind the issue which he now presents to this court, the petition and stipulation would have been couched in more appropriate language, calculated to raise the issue now presented.

For the reasons indicated, the judgment of the trial court is affirmed.—Affirmed.

RICHARDS, C. J., and all Justices concur.